**‹› KREINDLER** LLP

**KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629**

office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

May 11, 2026

By ECF
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Darrel Harris*, S1 19 CR 300 (VSB)

Dear Judge Broderick:

I represent Darrel Harris in connection with the pending violation of supervised release. As this Court likely recalls, Mr. Harris has been in custody awaiting a hearing or disposition of the VOSR charges since his remand on February 7, 2024. ECF 69. The violations with which Mr. Harris is charged carry a maximum term of custody of two years. *See* 18 U.S.C. § 3583(e); December 15, 2023 request for summons at 4 ("As the supervisee was originally convicted of a Class C Felony, may be required by statute … to serve a period of incarceration of not more than two (2) years.") Additionally, Mr. Harris's existing term of supervised release expires today. *See* December 15, 2023 request for summons at 1.

Despite the fact that Mr. Harris has now served *more* than the maximum statutory period (by over three months) and despite the fact that he is no longer on supervised release, the Bureau of Prisons has not yet released him from custody, stating to Mr. Harris that they have not received any paperwork confirming his release date. According to my conversations with staff in the legal department at the Metropolitan Detention Center, once they have received direction from this Court confirming that Mr. Harris's supervised release has expired, he will be released from custody there.

In light of the fact that Mr. Harris has served more than the full two years to which he could be sentenced for the underlying violation specifications and that, as of today, his supervised release term has expired, I respectfully ask that this Court so-order this letter-request advising the BOP of the same and directing the MDC to facilitate Mr. Harris's release.

To the extent that there is any question about the status of Mr. Harris's supervised release pending resolution of the VOSR that might impact his direct release from custody, I further request that this Court so-order my secondary request to revise the current bail conditions such that Mr. Harris no longer be detained until all conditions are met. I make this conditional request because it is my understanding that Mr. Harris was told he could not be released until electronic monitoring was set up at his sister's home, and she has not yet been home to allow someone in to set up the system. The Probation Department, however, has the capacity to set up stand-alone

**New York**                    **Boston**                    **Los Angeles**

May 11, 2026
Page 2

location monitoring, and Mr. Harris can arrange for his own entry into his sister's home, so Mr. Harris could arrange to satisfy the electronic monitoring condition independently upon his release.

For all of these reasons, I respectfully ask that this Court:

1. So-order this request and direct the Bureau of Prisons and the Metropolitan Detention Center to immediately release Darrel Harris with no conditions; or
2. Modify the conditions of release so that Mr. Harris is not detained until all conditions are met, so-order the Bureau of Prisons and the Metropolitan Detention Center to immediately release Darrel Harris, and allow Mr. Harris seven (7) days to satisfy any open conditions of release.

Should this Court grant the defense request, I will immediately share it with the MDC legal department, and, if MDC asks for it, a copy of the VOSR paperwork showing Mr. Harris's supervised release expiration date and the statutory maximum term on his charged violation specifications.

As to the issue of this Court's jurisdiction over the violations following expiration of the current term of supervised release, the defense will respond separately to the government's submission (ECF 106) no later than Wednesday May 13, 2026, unless this Court directs otherwise.

Respectfully,

/s/ Megan W. Benett
Megan W. Benett

This Court orders the Bureau of Prisons ("BOP") and the Metropolitan Detention Center ("MDC") to immediately release Defendant Darrel Harris, since his supervised release term expires today, May 11, 2026. Moreover, Harris shall have seven days after his release to satisfy any open conditions of his release as detailed in the bail disposition form. (Doc. 100.) Defense counsel is directed to provide this order to the BOP and MDC to facilitate Harris' timely release.

Furthermore, the parties shall appear for an evidentiary hearing on the violation of supervised release ("VOSR") on May 29, 2026 at 12:00 p.m. If the parties or the U.S. Probation Office are not available on this date, within one week of this order, the parties and Probation are directed to meet and confer and propose an alternate date setting the VOSR evidentiary hearing. The Court will separately make a finding on its jurisdiction over the VOSR proceedings after Defendant files his letter on or before May 13, 2026.

SO ORDERED:

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Date: May 11, 2026